

2008 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

5-28-2008

# Bayview Co Inc v. Intl Assn Heat Frost

Precedential or Non-Precedential: Non-Precedential

Docket No. 07-3003

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2008

Recommended Citation

"Bayview Co Inc v. Intl Assn Heat Frost" (2008). *2008 Decisions.* Paper 1123.
http://digitalcommons.law.villanova.edu/thirdcircuit_2008/1123

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2008 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

———————

No. 07-3003

———————

BAYVIEW COMPANY, INC.
d/b/a BAYVIEW INSULATION COMPANY

v.

INTERNATIONAL ASSOCIATION OF
HEAT AND FROST INSULATORS, AND
ASBESTOS WORKERS, LOCAL 2

Bayview Company, Inc.,

Appellant

———————

On Appeal from the United States District Court
for the Western District of Pennsylvania
(D.C. Civil No. 07-cv-00041E)
District Judge:  The Honorable Sean J. McLaughlin

———————

Submitted Under Third Circuit LAR 34.1(a)
May 23, 2008

Before: SMITH, HARDIMAN, and NYGAARD, Circuit Judges.

(Filed: May 28, 2008)

———————

OPINION OF THE COURT

———————

NYGAARD, Circuit Judge.

Bayview Company, Inc. appeals an order of the District Court to grant summary judgment to appellee, International Association of Heat and Frost Insulators and Asbestos Worker's Local 2. Because our opinion is wholly without precedential value, and because the parties and the District Court are familiar with its operative facts, we offer only an abbreviated recitation to explain why we will affirm the order of the District Court.

This case arises from a disagreement between the parties on whether Bayview violated the "Project Stabilization Agreement" by employing certain workers to install insulation on the construction project. Specifically, the union charged that particular employees hired by Bayview did not have the proper training and experience. The union charged that this violated the referral system established by the union and consented to in the Agreement by the parties. The Agreement required arbitration of all such disputes.

The arbitrator found that Bayview had violated the agreement in the manner in which it employed workers at the job site, and he ordered Bayview to comply with the terms of the Agreement. The arbitrator also ordered Bayview to pay to the Union an amount equal to all back pay and benefits that it lost from this violation of the Agreement. Bayview appealed the arbitrator's decision and the District Court granted summary judgment in favor of the union.

In this appeal, Bayview alleges that the arbitrator's award did not draw its essence from the Project Stabilization Agreement and that the award was punitive, which the

Agreement does not permit. It is well settled that courts must give strong deference to an arbitrator's decision if it "draws its essence" from the parties' agreement. *Koshatka v. Philadelphia Newspapers, Inc*. 762 F.2d 329 (3d Cir. 1985). A review of the record supports the District Court's conclusion that the arbitrator's decision and award of back pay and benefits drew its essence from the contract. Accordingly, we will affirm the order of the District Court.